No. 13,650.

STATE EX REL. FRED. HAAB VS. JAMES C. MOISE, JUDGE OF THE CRIMINAL DISTRICT COURT FOR THE PARISH OF ORLEANS, SECTION "B."

### SYLLABUS.

As the only evidence which the Supreme Court is authorized to review in a criminal case, is that which is annexed to and forms a part of a bill of exceptions appertaining to some question of law, the trial judge should not allow testimony exclusively applicable to the merits of the cause to be incorporated in the transcript of appeal; and *mandamus* will not go to compel him to do so in case he has refused to allow such testimony to be thus incorporated in the transcript of appeal.

O N Application for Writ of *Mandamus*.

*Chandler C. Luzenburg* for Relator.

*Walter Guion,* Attorney General, and *J. Ward Gurley,* District Attorney, *(Lewis Guion,* of Counsel,) for Respondent.

The opinion of the court was delivered by

WATKINS, J. Alleging that he had been convicted of manslaughter in the respondent's court, and had prosecuted an appeal to this court

from the judgment of conviction, the relator applies for relief by way of *mandamus* in aid of his appeal, on the following grounds, viz:

"That petitioner reserved many bills of exceptions upon the trial of the said case, which are now part of the record and contained in the transcript of appeal. That the testimony of the witnesses was taken by the official stenographer of the court as provided by Act 132 of 1898, the stenographic notes transcribed, and a copy furnished to petitioner, after motion made by his counsel in open court, as appears on page 18 of transcript of appeal.

"That the relator desired to have the said testimony before the Honorable the Supreme Court, and in filing his motion for a new trial, made the entire testimony, as taken by the official stenographer, part of his said motion. Transcript page 24.

"That this testimony, relator believes in the interest of justice, should be before the Supreme Court, in order that defendant's bills of exceptions should be thoroughly understood, and so that defendant can show that the facts as set forth in his bills of exceptions were in evidence."

His further averment is, that he made reference to the aforesaid testimony in his various bills of exception, and that the respondent not only refers to same in his different rulings in the bills of exceptions, but made extracts therefrom in support of his conclusions, and that, in consequence thereof, it will be necessary that this court should have said testimony before it in examining the case on appeal.

He further avers " that he believes that this testimony will show that the trial judge, in his statement    *    *    *    that there were no facts in the case to justify (a requested special charge) is in error," etc.

He avers that he applied to the respondent to have the said testimony, as taken by the official stenographer of the court and reduced to writing, transcribed into and made part of the transcript of appeal, and his application was refused.

The respondent made an extended return, and amongst the numerous reasons he assigned, why the writ of *mandamus* should not go, are the following, viz:

First.—That as the jurisdiction of the Supreme Court, in criminal matters, is limited to questions of law alone, the relator is not entitled to have all the evidence adduced upon the trial, taken down in writing and incorporated in the transcript of appeal.

Second.—That in order to present to the appellate court the questions of law upon which he relies for the reversal of the rulings of the trial judge in a criminal case, it is permissible for defendant's counsel to have reduced to writing and annexed to bills of exception all the testimony which appertains thereto, and have said bills and annexed testimony incorporated in the transcript of appeal.

Third.—That Act 113 of 1896 only provides for the manner of preparing bills of exception in criminal cases, and indicates the testimony that may be taken down in writing, is only that which relates to the bill of exceptions which has been retained; and that the attempt on the part of the relator to compel him to send to the appellate court "the entire record of fact" would, if successful, be an innovation of the settled jurisprudence, contrary to all precedents, and unauthorized by any statute of this State.

In our opinion, the foregoing reasons are full and complete, and dispense us from any consideration of others which the respondent assigned.

The criminal jurisdiction of this court is regulated and determined by the organic law, and cannot be modified or enlarged by statute. That jurisdiction is restricted to questions of law alone.

But, when questions of law have arisen during the progress of the trial in the lower court, and testimony has been adduced in relation thereto, it has been adjudged competent for the appellate court to examine and consider same when it has been properly annexed to, and made part of bills of exception; though it cannot examine or inquire into any question of fact which was submitted to, or passed upon by the jury in disposing of the guilt or innocence of the accused.

That this has been an established canon of construction by this court for many years, is evidenced by numerous adjudications.

One of the leading cases on this question is State vs. Nelson, 32nd Ann. 845, in which the court said:

"The prohibition to the exercise of the jurisdiction of this court lies to its power to find pure questions of fact, such as were submitted to and found by the *jury*. The inhibition does not extend to the questions of law based upon the facts submitted to and determined by the *judge*."

That case was followed and affirmed by State vs. Trivas, 32nd Ann. 1088.

In order that relief be made effective, it has been held constantly that the testimony of the witnesses necessary to a clear and proper under-standing of the question of law presented, should be reduced to writing and appended to a bill of exceptions, "by which the merits of the decision of the inferior court may be tested."

State vs. Charlet, 8 R. 529.

. These cases, and the principles upon which they rested, were carefully reviewed, and affirmed, after a complete research of authorities, in State vs. Seiley, 41st Ann. 143.

This court had occasion, quite recently, to review that jurisprudence, and it re-announced same in State vs. Scanlan, 52nd Ann. 2058, and, in the course of its opinion, said:

"The questions of fact that are at all reviewable on appeal for a new trial, are those it is needful to consider in deciding questions of law raised. They are questions of fact blended with those of law; incidents of fact so connected in determining the law applying, that the facts must be considered."        ,                          .:          .;

. This question is so firmly settled and so completely harmonizes with the precept of the Constitution, that no further elaboration of it is deemed necessary.

That relator's application trenches upon this constitutional safe-guard, appears evident. It declares that defendant's counsel reserved many bills of exception in the course of the trial, and that he now desires to have the testimony of all witnesses, as it was taken by the official stenographer of the court, transcribed and incorporated into the transcript of appeal, because, as he avers, that he "desired to have the said testimony before the Supreme Court; and in filing his motion for a new trial (he) made the *entire testimony*, as taken by the official stenographer, part of his said motion," etc.

': That which was a matter of jurisprudence, theretofore, was made a matter of law by Act 113 of 1896, the object of which was to "provide for the manner in which bills of exception shall be taken in the trial of criminal cases." It did not attempt to enlarge the jurisdiction of this court at all.          :                           . .

.. 'The provisions of Act 132 of 1898 have no bearing whatever on the question at issue. It purports to be an amendment of a prior act relative to the organization of the Criminal District Court for the Parish of Orleans, the pertinent provision of which is as follows, viz:

"It shall be their (the official stenographers') duty, under the direction of the clerk of the Criminal District Court, to prepare and make up the transcripts of all appeals taken from the judgments of the Criminal District Court for the Parish of Orleans, *to report the proceedings in the trial* of all capital cases and felonies; * * * and in such other proceedings as, in the opinion of the court, may be important and necessary."

. Manifestly, it was not the intention of the Legislature to require the official stenographers to transcribe all the testimony of the witnesses in a capital case, when it said they should "report the proceedings in the trial; and if on that supposition, the stenographer of the respondent's court has done so, it does not follow that the testimony thus transcribed should be incorporated in the transcript of appeal.

Had this course been pursued with the sanction and approval of the respondent, we would not have considered it as properly forming part of the transcript.

On reason and authority, the relator's application must be denied.

It is, therefore, ordered and decreed, that the order *nisi* be set aside, and that the application for a peremptory *mandamus* be refused at relator's cost.