## No. 14,471.

### STATE OF LOUISIANA VS. MARTIN ELIA.

#### SYLLABUS.

1. The defendant in a criminal prosecution, is not entitled, before the offer of any evidence, to an order that the testimony of the State witnesses, thereafter to be taken, shall be reduced to writing. All that he can require is, that such testimony shall be taken down as may be necessary to enable this court to understand and intelligently rule on the objections as made by him in the course of the trial, and the question whether he has been denied his rights in that respect must be presented to this court by means of a bill of exceptions.

2. Under an indictment for stealing "fertilizer," it is competent to prove the larceny of "phosphate fertilizer" or "fertilizer of phosphate," and, for the purposes of a question propounded to a state witness, it is immaterial which expression is used.

3. In a prosecution for burglary in the night-time, the question, "When, if at any time, was the warehouse * * * broken open?" can, of itself, work no injury to the accused, and if the record discloses no complaint as to the answer, if any answer was given, it will be presumed that no injury was sustained.

A PPEAL from the Third Judicial District, Parish of Claiborne— *Edwards, J.*

*Walter Guion,* Attorney General, and *John C. Theus,* District Attorney (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Richardson & Richardson,* for Defendant, Appellant.

The opinion of the court was delivered by

MONROE, J. Defendant, having been convicted of burglary and larceny and sentenced to imprisonment at hard labor, presents his case to this court by means of the following bills of exception;

Bill No. 1 was taken to the refusal of the trial judge, upon a request made before any witness had been sworn, to grant permission for the court stenographer to take down the testimony of the State witnesses.

The reasons assigned for this refusal are as follows:

"By the court. At this time there was no evidence introduced and no objection raised—no question for the court to pass on. The request was made by the defendant's counsel that all the evidence for the State be reduced to writing. (There was no bill of exceptions to the charge of the court, or any portion of it.) The court held that when any question arose as to the admissibility of the evidence; or any mixed question of fact and law arose, that, then, the evidence should be reduced to writing, which was done, and so stated and informed defendant's counsel, and for the further reasons as stated in State vs. Downs, 50 Ann. 694."

There was no error in this ruling. The law contemplates the taking down, when an objection shall be made and a bill of exception reserved, "of the facts upon which the bill has been retained." Act 113 of 1896. This may, fairly, be interpreted to mean that such testimony shall be taken down as may be necessary to enable this court to understand and properly rule upon the particular objection made and bill reserved, but it affords no support for the proposition that a defendant in a criminal trial may require the clerk, or court stenographer, to take down all the testimony adduced on behalf of the State, in advance of possible objections or bills of exception to be made and reserved in the course of the trial. State vs. Downs, 50 Ann. 694; State *ex rel.* Haab vs. Judge, 104 La. 63.

And this view of the matter is recognized by the counsel for the defendant, who admit that they had no right to have all the testimony

for the State taken down. They, however, say: "We * * * submit that the reasons given by the judge in this bill are part of the record of this appeal and rely on the statement therein, in support of our other bills." They further say: "1. That the court did not give the reasons for the ruling at the time the bill was reserved, but waited until after the case had been finished. * * * 2. That the court recognized at that time the mandatory provisions of Act No. 113 of 1896 when it holds that when any question arose as to the admissibility of evidence, or any mixed question of fact and law arose, that, then, the evidence should be reduced to writing; and 3. That the court erred in stating, 'which was done,' that is, reduced to writing." So far as we are informed by the record, reasons sufficient for the ruling in question were given when the ruling was made, and their sufficiency is not affected by the fact that, thereafter, when the bill was signed, the judge, in incorporating them therein, referred to the occurrences of a later stage of the trial.

Bill No. 3 (which the counsel say should have been marked 2, and which they next take up for argument), reads as follows: "Be it remembered, that on the trial of this cause J. R. Madden, a witness for the State * * * was asked by the State, 'when, if at any time, did your firm consent to any fertilizer of phosphate being taken by Mr. Elia?' Defendant, by counsel, objected to said evidence on the ground that there is no charge against the accused of taking phosphate. The allegations and proof must correspond, therefore the evidence is inadmissible."

By the court. "The question put by the district attorney was: 'When, if at any time, did your firm sell or consent to any phosphate fertilizer being taken by Mr. Elia'?" That the phosphate in question had been shown to be sold and used as a fertilizer. A complete note of the question was taken down by the court stenographer, as well as all other objections, which is hereto attached and marked Exhibit "A."

It appears that the court stenographer made a note of the question, objection and ruling referred to, which he subsequently corrected. The original reads as follows:

"Q. By the State. When, if at any time, did your firm consent to any fertilizer of phosphate being taken by Mr. Elia? Objected to by counsel for defendant upon the ground that there is no charge against

the accused for taking that kind of fertilizer. The allegation and charge must correspond. Ruling of the court. Objection overruled. Bill reserved. The court declines to have this evidence taken down and will give its reasons in the bill. Preliminary evidence already having been taken. Defendant objects to any evidence in this case to show a different time or different date of taking, or entering, except as alleged in the bill of indictment; that the date, or night time, is alleged in the bill of indictment, and no evidence can be received except in accordance with that allegation. Ruling of the court. Objection overruled. Bill reserved. The court will state its reasons in the bill. The above is a true and correct transcript of all shorthand notes taken in the above numbered and entitled case. This May 2, 1902.

(Signed.)     E. H. FORSTON, *Stenographer."*

In the corrected note, the question propounded reads:

"Q. When, if at any time, did your firm sell or consent to any phosphate fertilizer being taken by Mr. Elia?" In other respects, the corrected note is identical with the original. And to the corrected note is appended a certificate by the stenographer and an affidavit by the district attorney to the effect that the question was asked as it appears in the corrected note, and that the other is incorrectly reported.

It will be observed that in their bill of exceptions, the counsel for defendant reserve no other objection than that the question asked was inadmissible, for the reason that there was "no charge against the accused for taking "phosphate," the objection being predicated upon the fact that the accused was indicted for the stealing of "fertilizer" and upon the supposed fact that the question referred to "phosphate." By the very terms of their objection, however, as appears from the note upon which they rely, the counsel recognized that the question to which they objected related to fertilizer of a particular kind, and, whether we consider the original or the corrected note of the stenographer, it relates to the same kind, since we can discover no difference in meaning between "fertilizer of phosphate" and "phosphate fertilizer."

The question really presented, then, is, whether a charge of stealing "three sacks of fertilizer," as contained in the indictment, can be sustained by proof that the accused stole three sacks of "phosphate

fertilizer," or "fertilizer of phosphate," and this question, we think, should be answered in the affirmative, for the same reason that a charge of stealing "thirty yards of cloth" and "one coat" was sustained by proof as to "one piece of casimere" and "one blue pilot coat;" and that a charge of stealing two head of cattle might be sustained by proof of the stealing of a Jersey cow and a Durham bull. Wharton's Cr. Ev., 9th Ed., Sec. 121, *et seq.*

The learned counsel say, in their brief; "Over and above all this we call the court's attention to the fact, stated in the Exhibit "A," "The court declines to have this evidence taken down," and they refer to the statement of the court, in Bill No. 1, to the effect that, "When any question arose as to the admissibility of evidence; or any mixed question of fact and law arose * * * the evidence should be reduced to writing, which was done," and it is argued that it thus appears that they asked to have the evidence, that is to say, the question that we have just been considering and, presumably, the answer thereto, taken down, and that it was error in the judge, and in conflict with his previous interpretation of the law, for him to have refused to permit it. The ruling of the judge was, however, made the subject of a bill of exception, in which the matter thus suggested was not incorporated, and such matter is, therefore, not before this court for review. Moreover, even if we should give to the defendant the benefit of that version of the disputed question for which his counsel contend, we should, as we have shown, be obliged to, rule against him, and to hold that the question was admissible.

Bill of Exception No. 2, recites that the question was asked a State witness, "when, if at any time, was the warehouse of J. C. Madden & Sons broken open?" and that defendant's counsel objected " to evidence being received to show a different time or different date of breaking or entering, except as alleged in the bill of indictment; that the date and night time is alleged in the bill of indictment, no evidence can be received except to prove that date and the time, night time. The court overruled the objection, and admitted the evidence for the following reasons, viz:

By the Court. The court did not overrule the objection, but restricted the proof of the breaking to night time, as alleged in the bill of indictment, and charged the jury that, in order to make out the

offense, the State must show that the breaking was done in the night time, as alleged."

In their brief, the counsel again refer to Exhibit A, attached to the Bill No. 1, as showing that their objection was overruled.

It suffices to say, in regard to this bill that the question at which it is levelled could, of itself, have worked no injury to the defendant, and the fact that the record discloses no complaint as to the answer, if any answer was given, justifies the presumption that no injury was sustained.

A motion for new trial, based entirely upon an allegation as to the sufficiency of proof, was filed, and a bill of exceptions was taken to the overruling of the same, but neither motion nor bill contain anything with which this court is authorized to deal.

For these reasons, the judgment appealed from is affirmed.

Rehearing refused.