(87 Misc. Rep. 269)

### PEOPLE v NUSSBAUM.

(Court of General Sessions, New York County.   October, 1914.)

1. RECEIVING STOLEN GOODS (§ 7*)—INDICTMENT—REQUISITES—DESIGNATION OF THIEF.

   An indictment for receiving stolen property need not allege the name of the thief.

   [Ed. Note.—For other cases, see Receiving Stolen Goods, Cent. Dig. §§ 9–14; Dec. Dig. § 7.*]

2. RECEIVING STOLEN GOODS (§ 7*)—INDICTMENT—DESCRIPTION OF GOODS—SUFFICIENCY.

   The description in an indictment charging the receipt of stolen goods as "a quantity of suit cases of a number and description to the grand jurors aforesaid unknown," without alleging the size or color of the suit cases or the exact quantity stolen, was sufficient.

   [Ed. Note.—For other cases, see Receiving Stolen Goods, Cent. Dig. §§ 9–14; Dec. Dig. § 7.*]

3. INDICTMENT AND INFORMATION (§ 59*)—REQUISITES—DESCRIPTION.

   Where an offense is substantially set out in an indictment, a fuller description which is unknown to the grand jurors may be omitted.

   [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 180. 181; Dec. Dig. § 59.*]

Max Nussbaum was indicted for receiving stolen property. On motion to dismiss indictment. Denied.

James E. Smith, of Olean, for the People.

Jacobson & Siegel, of New York City, for defendant.

ROSALSKY, J. This is a motion to dismiss an indictment charging the defendant with the crime of criminally receiving stolen property, or, in the alternative, for leave to withdraw the plea of not guilty and to file a demurrer on the following grounds:

(1) That the said indictment is illegal and insufficient on the face thereof, in that it does not comply with sections 275, 276, and 284, subdivisions 4, 6, and 7 thereof, of the Code of Criminal Procedure.

(2) That it is in violation of the defendant's constitutional rights, in that it does not apprise the defendant of the accusation against him, and that it is insufficient to enable him to prepare for a defense or to meet the alleged charge.

Under the strict and technical rules of pleading which prevailed at common law, this indictment might have been regarded as insufficient; but, under our present system of liberal interpretation of pleadings, it seems to me that there is no question that the indictment charges a crime in plain and concise language. It contains sufficient averments to inform the defendant of the nature of the charge against him and to enable him to prepare his defense.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

⁶ The act or omission charged as a crime is set forth with such certainty as to authorize the court to pronounce judgment. The charge is sufficiently identified, so that, in the event of the defendant's acquittal or conviction, the record can be proved in bar to a second prosecution for the same offense. People v. Helmer, 154 N. Y. 596, 49 N. E. 249.

[1] It is urged by the learned counsel for the defendant that the indictment is defective, because it states that the name of the person who stole the property from the owner is unknown to the grand jury and fails to describe accurately the property stolen. In answer to the first contention, it is sufficient to say that it is unnecessary to allege in the indictment the name of the person who stole the property, as it is only incumbent on the people to establish upon the trial the fact that the property was stolen. White v. People, 32 N. Y. 465; People v. Moran, 123 N. Y. 254, 25 N. E. 412, 10 L. R. A. 109, 20 Am. St. Rep. 732. In White v. People, it was held that a defendant may be convicted of the crime of assault, although the indictment alleged that the person assaulted was unknown to the grand jury. Likewise in People v. Moran it was held that a defendant may be convicted of the crime of an attempt to commit the crime of grand larceny in the second degree by attempting to steal, take, and carry away, in the daytime, property from the person of an unknown woman.

[2] The description in the indictment of the property stolen, namely, "a quantity of suit cases of a number and description to the grand jury aforesaid unknown," is sufficient. Furthermore, the language employed specifies the property as suit cases. It is unnecessary to allege the size or the color of the suit cases, or the exact quantity stolen.

[3] Where an offense is substantially set out in the indictment, a matter of fuller description may be omitted, where it is unknown to the grand jury. If this rule were not adopted, there would frequently be a failure of justice. The following descriptions have been held sufficient:

"Two promissory notes for the payment of money, commonly called bank notes, of the Stonington Bank, current money of the state of New York, each of the value of fifty dollars; bank bills of banks to the jurors unknown, and of a number and denomination to the jurors unknown, of the value of six hundred dollars; silver coin, current money of the state of New York, of a denomination to the jurors unknown, of the value of fifty dollars; * * * gold coin, current money of the state of New York, of a denomination to the jurors unknown, of the value of fifty dollars" (Haskins v. People, 16 N. Y. 344); "bank bills, of banks to the jurors unknown, and of a number and denomination to the jurors unknown, of the value of forty-nine dollars" (Quinlan v. People, 6 Parker, Cr. R. 10); "the sum of four thousand nine hundred seventy-five dollars in money of a kind and description to the grand jury unknown, and a more particular description of which cannot now be given of the value of four thousand nine hundred seventy-five dollars" (People v. Dimick, 107 N. Y. 31, 14 N. E. 184); "one watch" (Williams v. State, 25 Ind. 150); "one watch and chain" (Powell v. State, 88 Ga. 32, 13 S. E. 829); "one gold-filled case watch and chain and one diamond ring" (People v. Burns, 121 Cal. 529, 53 Pac. 1096); "one double case silver watch" (Patterson v. State, 122 Ga. 587, 50 S. E. 489); "one gold watch" (Pfister v. State, 84 Ala. 432, 4 South. 395); "one trunk" (Churchwell v. State, 117 Ala. 126, 23 South. 72); "an article of clothing," without giving the color (State v. Martin, 82 N. C. 672); "one book" (Turner v. State, 102 Ind. 425, 1 N. E. 869); "a piano" (Nordlinger v. United States, 24 App. D. C. 406, 70 L. R. A. 227); "two ears of corn" (Harris v. State, 100 Ala. 129, 14 South. 538); "one note" (Young

v. People, 193 Ill. 236, 61 N. E. 1104); "one fertilizer" (State v. Elia, 108 La. 553, 32 South. 476); "two bales of cotton " (Peters v. State, 100 Ala. 10, 14 South. 896); "a pair of shoes" (Palmer v. State, 136 Ind. 393, 36 N. E. 130).

In Haskins v. People, supra, the court said:

"In the case of the stealing of a considerable parcel of bank notes or a quantity of coin, it would frequently, and perhaps generally, happen that the owner would not be able to specify the different kinds of notes or the various species of coin. The description of them as bank notes, and as gold or silver coin, together with a statement of the ownership, with an averment that a more particular description cannot be given, sufficiently identifies the offense to guard the prisoner against the danger of another prosecution for the same crime."

In People v. Dimick, supra, the court said:

"There never was a time in the history of the law when this description of the property obtained would not have been held sufficient. There was the best description which could then be given. The kind of money was unknown. But it was money, currency, a circulating medium of some kind, and, what is more important, it was of the value named. These allegations were sufficient to answer all the tests of the Code, to protect all the rights of the defendant, and to enable the court to pronounce judgment 'according to the right of the case.' "

The motion is therefore denied.
Motion denied.