THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FRIEDA NEWMAN, Defendant.

County Court, Kings County, April 30, 1947.

**144**

*Irving L. Rollins* for defendant.

*Miles F. McDonald, District Attorney (Frank Di Lalla* of counsel), for plaintiff.

SOBEL, J. The defendant moves to set aside her plea of not guilty and interpose a demurrer. To that extent this motion is granted. The defendant further requests that this court upon such demurrer dismiss the two counts of the indictment because:

(1) The first count of the indictment does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure in that the allegations thereof do not contain a plain and concise statement of the acts constituting the crime, is evasive and fails to fully and fairly inform the defendant of what she will be called upon to meet upon the trial.

(2) That the facts stated in the second count of the indictment do not constitute a crime.

The first count of the indictment reads as follows:

" First Count.

" The Grand Jury of the County of Kings, by this indictment, accuse the defendant of the crime of Using, Advertising and

Transacting Business under a Name, Title and Descriptive Material Indicating and Tending to Imply That She Conducts and Carries on a School of Nursing, without the Right to Do So Having Been Granted by the Regents in Writing under Their Seal, committed as follows: —

"The defendant, between on or about February 11, 1946, and on or about March 26, 1946, in the County of Kings, unlawfully used, advertised and transacted business under a certain name, title and descriptive material indicating and tending to imply that the right to do so having been granted by the regents in writing under their seal."

The pertinent provisions of subdivision 1 of section 66 of the Education Law upon which the first count of the indictment is based provides as follows: "No individual, association, copartnership or corporation not holding university, college or other degree conferring powers by special charter from the legislature of this state or from the regents, shall confer any degree or use, advertise or transact business under the name university or college, or any name, title or descriptive material indicating or tending to imply that said individual, association, copartnership or corporation conducts, carries on, or is a school of law, medicine, dentistry, pharmacy, veterinary medicine, *nursing,* optometry, chiropody, architecture or engineering, unless the right to do so shall have been granted by the regents in writing under their seal." (Italics supplied.)

Sections 275 and 284 of the Code of Criminal Procedure require that the indictment set forth plainly and concisely the acts or omissions charged as the crime. The purpose of an indictment is to apprise the defendant of the nature and character of the offense charged and of the facts which may be proved so as to enable him to prepare his defense and to identify the charge against him so that a conviction or acquittal may inure to his benefit. (*People* v. *Helmer,* 154 N. Y. 596.)

The first count of the indictment meets none of these tests. The words used in the indictment are a mere restatement of the words of the statute. Beyond giving the defendant a few dates, it does not apprise her of the acts constituting the offense. This is particularly objectionable because the statute in question may be violated in a number of different ways. The statute does not make the *operation* of a nursing school a crime. It is a " holding out " statute. The crime consists of either conferring degrees, or using a name, title or descriptive material indicating that the school is a licensed nursing school, or advertising or transacting business under such a name. The defend-

ant is entitled to be fully and fairly informed of what she will be called upon to meet upon the trial. No act is stated in the indictment which is not to be found in that portion of the statute which charges the crime. Indeed, it conveys no additional information to the defendant whatever. It does not apprise the defendant of any act on which the People intend to rely not found in that portion of the indictment which simply undertakes to charge the crime committed. This does not advise the defendant how to prepare her defense. It does not apprise her of the act or acts the People intend to prove. Therefore, in the event of her conviction or acquittal, it offers no means of protection against subsequent indictments, for from it she cannot learn what acts of the defendant the People intend to prove in order to make out the crime charged. (See *People* v. *Corbalis,* 178 N. Y. 516; *People* v. *Peckens,* 153 N. Y. 576; *People* v. *Willis,* 158 N. Y. 392; *People* v. *Klipfel,* 160 N. Y. 371; *People* v. *Kane,* 161 N. Y. 380.)

Judge O'BRIEN expressed the rule succinctly in *People* v. *Corbalis* (178 N. Y. 516, 520–521, *supra*):

" *These decisions establish that the object of the legislature — in requiring that in addition to charging the crime the indictment must contain a plain and concise statement of the act constituting the crime — is twofold: First, to enable a defendant to prepare his defense; second, to prevent a second indictment for the same offense.*

" *The draftsman of the indictment before us evidently appreciated the force and effect of these decisions, for the indictment in the first place charges the crime, and then it makes a further statement apparently intended to comply with that provision of the statute requiring that the indictment shall state the act constituting the crime. But not an act is stated in this part of the indictment which is not to be found in that portion of it which charges the crime. Indeed, it conveys no additional information to defendants whatever. It does not apprise them of any act on which the People intend to rely not found in that portion of the indictment which simply undertakes to charge the crime committed.*" (Italics supplied.)

In this State, the Legislature has twice attempted to simplify the forms of indictment. " All the forms of pleading in criminal actions, heretofore existing, are abolished; and hereafter, the forms of pleading, and the rules by which the sufficiency of pleadings is to be determined, are those prescribed by this Code." (Code Crim. Pro., § 273, originally Code Crim. Pro., § 289, as reported by the Commissioners on Practice and Plead-

ings to the Legislature in 1850). The indictment before me in this case cannot be sustained under any test prescribed by the code at that time.

Again in 1929 the Legislature added chapter III-A entitled " Simplified Indictments " to title V of part IV of the Code (L. 1929, ch. 176). That chapter was the subject of a very comprehensive majority opinion by Judge LEHMAN in 1930. (*People* v. *Bogdanoff*, 254 N. Y. 16.) While that decision does not sustain the constitutionality of the simplified indictments in all situations, I believe it supports my judgment that count one of the instant indictment may be sustained under sections 295-b and 295-c of the Code of Criminal Procedure.

" § 295-b. *Simplified indictment, what to contain.* The indictment must contain:

" 1. The title of the action, specifying the name of the court to which the indictment is presented, and the names of the parties;

" 2. A statement of the specific crime with which the defendant is charged."

" § 295-c. *Statement of crime, what to contain.* The statement of the crime shall contain the name of the crime, if it have one, such as treason, murder, arson, manslaughter, or the like, or if it be a misdemeanor, having no general name, such as libel, assault, or the like, a brief description of it, as is given by statute. The statement of crime may also contain a reference to the statute defining the crime."

Subdivision 1 of section 66 of the Education Law charges a misdemeanor. The indictment in question contains " * * * a brief description of it, as is given by statute."

A bill of particulars under a simplified indictment is mandatory. (Code Crim. Pro., § 295-g.)

It is argued by Judge CRANE in a dissenting opinion in the *Bogdanoff* case (*supra*) that the bill of particulars may state the acts which the District Attorney says the defendant committed and not what the grand jury accuses him of having done. It is hardly likely that the District Attorney will do so. To avoid any such danger, the court orders that on receipt of the demand for a bill of particulars the District Attorney furnish to the court his proposed bill of particulars together with a copy of the grand jury minutes.

The demurrer is disallowed with respect to the first count of the indictment.

The second count of the indictment reads as follows:

" Second Count.

" The Grand Jury of the County of Kings, by this indictment, accuse the defendant of the crime of Operating a Private Trade School for the Purpose of Teaching the Trade and Personal Service Occupation of Nursing without First Securing from the State Board of Regents, through the Division of Vocational Education of the State Department of Education, a License Issued in Such Form as Said Board May Direct and in Accordance with the Provisions of the Education Law, committed as follows:

" The defendant, between on or about February 11, 1946, and on or about March 26, 1946, in the County of Kings, unlawfully operated a private trade school for the purpose of teaching the trade and personal service occupation of nursing, without first securing from the State Board of Education, a license issued in such form as said Board may direct and in accordance with the provisions of the Education Law.

Miles F. McDonald<br>
District Attorney<br>
N. Gagliano "

The pertinent provisions of section 66-a of the Education Law upon which the second count of the indictment is based provides as follows: — " *Private trade schools.* 1. No private trade school shall be operated by any person or persons, firm, corporation, or any private organization for the purpose of teaching any trade, industrial occupation or personal service occupation unless there is first secured from the state board of regents, through the division of vocational education of the state department of education, a license issued in such form as said board may direct and in accordance with the provisions of this act. * * * A private trade school as contemplated by this act shall be any plan or method used by said person or persons, firm, corporation or organization for giving instruction in any form or manner in any trade, industrial occupation or personal service occupation for a consideration, reward or promise of whatever nature except schools conducted by firms or organizations for the training of their own employees without profit. * * * "

The defendant urges in her demurrer that the facts stated in the second count do not constitute a crime.

The District Attorney urges that nursing is a " personal service occupation " within the meaning of the statute.

By chapter 138 of the Laws of 1937 private trade schools were prohibited from teaching any " trade " unless licensed. Chapter 432 of the Laws of 1938 and chapter 507 of the Laws of 1939 were to the same effect. Then chapter 348 of the Laws of 1940 amended section 66-a of the Education Law to include a " personal service occupation ". Chapter 785 of the Laws of 1940 amended said section again to apply to " trade " only. Chapter 167 of the Laws of 1945 amended said section to include " personal service " occupations, and it was again amended, in other respects, to its present reading by chapter 695 of the Laws of 1945.

There is nothing in the record of the Legislature or in the memoranda filed with the Governor by the sponsors of the amendments to indicate any intent to include a school of nursing within the statute defining " Private Trade Schools ". On the contrary, the " Bulletin of Information relating to Private Trade Schools in New York State " issued by the State Education Department relating to the administration of section 66-a of the Education Law while listing forty-nine trades covered by the act, does not include nursing. The statute is penal; its violation is a crime. It should not be amplified by judicial construction to include nursing.

The demurrer to the second count of the indictment is allowed.