THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, $v.$ CRAIG KIGHTLINGER, E. STARR GRAHAM, THURE C. PETERSON and H. L. TRUBENBACH, Defendants.

Court of General Sessions of County of New York, March 15, 1949.

*Frank S. Hogan*, District Attorney (*Julius S. Impellizzeri* of counsel), for plaintiff.

*Menahem Stim* and *David Stillman* for defendants.

SULLIVAN, J. The defendants, who have been indicted on two counts, the first one charging a violation of section 224 of the Education Law, and the second, a violation of section 5001 of the same statute, move for an order granting them leave to inspect the minutes of the Grand Jury which returned the aforesaid indictment, in order to enable them to move for a dismissal of the indictment upon the ground that the evidence adduced before the Grand Jury is insufficient to warrant the return of the indictment.

In order to aid me in arriving at a conclusion, as is my practice on applications of this character, I have examined the minutes of the Grand Jury.

The first count of the indictment charges a violation of section 224 of the Education Law in that " the defendants, in the County of New York, from on or about February 3, 1947 to on or about March 12, 1947, unlawfully used, advertised and transacted business under a name, title and descriptive material indicating and tending to imply that the defendants carried on a school of medicine without the right to do so having been granted in writing by the State Board of Regents under their seal."

The second count charges a violation of section 5001 of the Education Law in that " said defendants, in the County of New York, from on or about February 3, 1947 to on or about March 12, 1947, unlawfully operated a private trade school for the purpose of teaching a trade, industrial occupation and personal service occupation, without first securing a license to do so from the State Board of Regents." The minutes of the Grand Jury reveal that the indictment was returned principally on a pamphlet which it is alleged read " Chiropractic Institute of New York."

A police officer, one of the two witnesses called before the Grand Jury, testified that he spoke to the defendants, that he applied for admission to the school, that he was told that the school would start within a period of two weeks, and that he was given a catalog, which was marked in evidence before the Grand Jury. It was also alleged that the defendants informed him that the booklet contained " what the school is comprised of ", and that the school is based on the catalog, and that these defendants are officers of the school. The witness further testified that he was told " that the catalog is the whole school." He likewise testified that he was told by the defendants that the courses men-

tioned are taught in the school and that the defendants do the teaching.

Proof was also submitted that no certificate had been obtained from the Board of Regents by the school.

The only other witness called was the medical assistant to the District Attorney. This witness testified that he examined the booklet marked in evidence, and is familiar with the curriculum taught in medical schools, and that there are some subjects included in the booklet which are also taught in medical schools.

It is my opinion that the evidence adduced is wholly insufficient to justify the return of the indictment and that it would be wholly insufficient to sustain a conviction, and for that reason, I must grant favorable consideration to the application of the defendants.

Addressing myself first to the first count of the indictment, it is my view that the mere use of a pamphlet called "Chiropractic Institute of New York" is no proof upon which anyone could imply that the defendants are carrying on a school of medicine. There is no claim made that anyone was told by the defendants that they were carrying on a school of medicine, nor was an admission made even as to what subjects were actually being taught.

In reaching my conclusion, I have given consideration to the fact that the teaching of chiropractic is not prohibited by any law adopted by our Legislature. Assuming that it had the power to prohibit a school teaching such a subject, I have considerable doubt that such legislation would be constitutional. Schools of learning cannot be prohibited or restricted by any legislation.

The statute upon which the District Attorney relies provides that it shall be illegal to use a name or descriptive material tending to indicate that a school of medicine is being conducted. Had it been the intention of the Legislature to restrict the conduct of any school in the teaching of chiropractic, or restrict the practicing of chiropractic without a license from the State of New York, it would have so provided. It is unnecessary to cite authority that a penal statute must be construed against the State and that a construction adding to the provisions of a statute, something not clearly contained or defined therein, would do violence to all decisions on judicial construction.

It can safely be assumed that had the Legislature intended to change the existing statutes to impose the restriction which it is alleged by the indictment exists, that its intention would have

been expressed clearly in legislative formula and adopted by it. The mere use of the name " Chiropractic Institute of New York " would fool no one into believing that if he attended the school, that he would be taught medicine, or that the school was engaged in teaching medicine. It is significant to note that the word " medicine " or no similar name is part of the trade name of the school.

To uphold this indictment would be legislating that the term " medical school " included a school where chiropractic was being taught. It is not necessary for me to cite authority that it is not the duty of the court to legislate but merely to interpret statutes that have been adoped by the Legislature. Authority is ample that in the interpretation of statutes, a prohibition against one act justifies the conclusion that all similar acts are excluded.

If reliance is placed upon the fact that there are some subjects taught to chiropractors that are also taught to medical students, it is my view that the mere inclusion of one or two similar subjects does not aid the prosecution. Merely because one particular subject is taught, or even two or three, which do not include medicine, would not justify convicting these defendants of teaching medicine.

I have examined the catalog very carefully and an examination from cover to cover fails to reveal any language which could confuse anyone or imply that one becoming a student was going to graduate a physician or learn how to practice medicine.

Addressing myself now to the second count of the indictment, the reasons motivating my opinion as to the insufficiency of the first count, apply equally to this count. The statute upon which the second count of the indictment is predicated defines a private trade school to be " any plan or method used by such person or persons   *   *   *   for giving instruction in any form or manner in any trade, industrial occupation or personal service occupation ". The statute reveals that there is not included the profession of chiropractic. The court can take judicial notice of the fact that chiropractors require certain scientific knowledge, and the court can also take judicial notice of the fact that in forty-four States of our Union, chiropractic is recognized as a profession. To stretch the statute to read that chiropractic is a trade or personal service occupation would be again performing the function of the State Legislature.

A somewhat comparable case is *People* v. *Newman* (190 Misc. 143), where Judge Sobel had before him an indictment under this section against a nursing school. I fully agree with the

conclusion reached by my colleague who sustained the demurrer to this count of the indictment.

The indictment here is of a penal nature. The defendants are charged with the commission of a crime. Unless there has been a clear violation of the statute by a consideration of the statute itself, a defendant cannot and should not be held.

In view of what I have said, it is my conclusion that the evidence is insufficient to justify an indictment, and the motion of the defendants for an inspection of the Grand Jury minutes is granted.

In light of my views, and to avoid double work for this court or any other court, and pursuant to the powers which I believe are vested in me, I also grant the motion for a dismissal of the indictment.