Frank X. Altimari, J.
In this prosecution charging the defendant with having violated section 220.45 of the Penal Law, “ Criminally possessing a hypodermic instrument ”, after the jury was sworn and the People’s first witness had given some evidence the defendant moved to dismiss the information on the ground that it was jurisdictionally defective.
The officer’s information alleged that: “ the defendant did wilfully, wrongfully and unlawfully violate the provisions of Section 220.45 of the Penal Law of the State of New York, in that at the time and place aforesaid, the said defendant did criminally possess hypodermic instruments, to wit: defendant did possess a hypodermic needle, a syringe, a bottle cap and spoons without a written prescription of a duly licensed physician or veterinarian.”
So far as pertinent here, section 220.45 of the Penal Law recites that a person is guilty of criminally possessing a hypodermic instrument “ when he knowingly and unlawfully possesses * * * a hypodermic syringe or hypodermic needle ”. The “ unlawfulness ” of such possession defined in subdivision *188 3 of section 3395 of the Public Health Law generally prohibits the possession of such instruments by persons unless such possession be obtained upon a prescription given by a physician or a veterinarian. The allegations contained in this information would appear to be sufficient from that standpoint.
The question for resolution, however, is whether or not the information contains allegations sufficient to include the requisite culpable mental state included in a charge under section 220.45 of the Penal Law. That section requires that the instrument be “knowingly” possessed. This particular adverb is one of four terms defined as culpable mental states in article 15 of the Penal Law (Penal Law, § 15.05, subd. 2): “ 2. 1 Knowingly. ’ A person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists.”
The information in this case although replete with a number of adverbs purporting to describe the state of mind of the defendant with respect to section 220.45, describes the defendant’s possession as “ criminally ”. The Penal Law does not include this term as one of a culpable mental state. In our judgment the term as used in the information is meaningless and certainly is not an adequate substitute for the adverb ‘ ‘ knowingly ’ ’.
It might be remarked that one of the purposes of the adoption of the Penal Law was to overcome the use of a wide variety of adverbs describing the mental state of an accused.
Referring to the former Penal Law it was stated that: ‘ ‘ One of the main defects of the existing New York statutes defining offenses involving culpability is their use of a host of largely undefined and frequently hazy adverbial terms, such as ‘ intentionally,’ ‘wilfully,’ ‘designedly,’ ‘maliciously,’ ‘knowingly,’ ‘recklessly,’ ‘negligently,’ ‘wdth culpable negligence,’ ‘with criminal negligence,’ and many more. The proposed article designates only four culpable mental states, defines each, and stipulates that, unless an offense is one of absolute liability, at least one of these particular mental states is essential for commission of the offense; the four terms in question are ‘ intentionally,’ ‘knowingly,’ ‘recklessly,’ and ‘ criminal negligence ’ [§'§ 45.00(4-7), 45.05(3)].” (See Commission Staff Notes, Temporary Comm, on Revision of Penal Law and Criminal Code, § 45.05.)
An information charging a crime must allege with certainty and precision that a defendant has committed acts under the circumstances and with the intent mentioned in the statute. If any of the elements are omitted the information is fatally defec *189 tive. (People v. Santoro, 229 N. Y. 277; People v. Sparacino, 132 N. Y. S. 2d 32; People v. Patrick, 175 Misc. 997.) “ When, a particular or specified intent is essential to and is the gist of the offense it is necessary to allege the intent with distinctness and precision ”. (People v. Santoro, supra, pp. 282-283.)
Since the information fails to include allegations describing-defendant’s requisite culpable mental state, that is, that his possession was a knowing- possession, the information is fatally defective and accordingly is dismissed.
The information having been dismissed, the People thereafter laid a second information charging the defendant with the same offense with which he was charged in the first information. In this second information the deficiency complained of in the first information was corrected by the inclusion of an allegation to the effect that the defendant’s possession was a knowing possession.
The subsequent information having been laid before the court, the defendant then moved to dismiss it on grounds that if he were to be tried for the crime charged in the second complaint he would have been twice put in jeopardy in violation of the New York State Constitution (N. Y. Const., art. I, § 6). With this contention the court disagrees. It has been held that “ * * * a person is placed in such jeopardy when he is 1 put upon trial before a court of competent jurisdiction, upon an indictment or information which is sufficient in form and substance to sustain a conviction ’ ”. (People ex rel Zakrzewski v. Mancusi, 22 N Y 2d 400, and cases cited therein). The People’s first information in this case was deficient to the point where it could not support a conviction, and when the defendant was tried upon such an information he was not placed in jeopardy, hence there is no bar to a trial under the subsequent information. Defendant’s motion is denied.