Albert Orenstein, J.
The defendant is charged with criminally selling a dangerous drug in the third degree, criminal possession of a dangerous drug in the third degree, and criminal possession of a dangerous drug in the fourth degree, each of the three counts being charged in the indictment.
*502 In particular, the first count in the indictment charges that the defendant ‘ ‘ knowingly and unlawfully sold a dangerous drug, to wit, lysergic acid diethylamide to Edward J. Uhlig.”
The defendant moves under the indictment for an order directing the District Attorney of the County of Onondaga to furnish him a bill of particulars as to a number of matters. The majority of the defendant’s requests have been answered by the District Attorney’s furnishing him with the necessary particulars. There were, however, on the argument of the motion, five remaining requests which dealt with, as to each count in the indictment, the following matters:
1. Whether an exchange of moneys took place in the sale alleged to have taken place, and if so, by whom and how much.
2. A description of activities taking place at the alleged sale, 1. e., private sale, or during course of party.
3. Names of any other parties present on premises at time of alleged sale.
4. Other name, or names, by which one Edward J. Uhlig was known to the party or parties present at the alleged sale.
5. Whether the alleged sale was performed at the request of Edward J. Uhlig or parties other than the defendant.
Section 295-h of the Code of Crminal Procedure provides that the purpose of a bill of particulars is to set forth “ in ordinary language, without stating items of evidence or necessarily setting forth all the elements of the crime,” such particulars as may be necessary ‘ ‘ to provide the defendant and the court reasonable information as to the nature and character of the crime charged.”
The District Attorney has consented to provide the defendant with the particulars demanded, except the afore-mentioned 1, 2, 3, 4 and 5.
The court is of the opinion that the items numbered 1, 2, 3 and 5 are matters evidentiary in nature and should not, under the permissible scope of the statute, be provided to the defendant.
However, this court is of the opinion that the information sought by item No. 4 should be provided the defendant.
If the buyer of the drugs mentioned in count 1 in the indictment was known to the defendant by name other than his true name (that alleged to be set forth in the indictment) the defendant is entitled to know the name actually used in consummating the purchase.
The first count charges the defendant with criminally selling a dangerous drug in the third degree, defined in section 220.30 of our Penal Law as follows: “A person is guilty of criminally *503 selling a dangerous drug in the third degree when he knowingly and unlawfully sells a dangerous drug. ’ ’
An essential element of the crime must be that the defendant 1 ‘ knowingly ’ ’ sold to a person. The indictment accordingly names the purchaser. Since the purpose of that specific statement is to identify the purchaser, it seems that in all fairness and candor, if such a named purchaser acted under an assumed name, that assumed name must be disclosed. Otherwise the manner in which this was done defeats the purpose of supplying an essential ingredient of the crime, viz., a known purchaser.
The District Attorney, in an excellent supplemental brief, has pointed up the problem inherent in the granting of information as to an informant’s identity. As stated in a recent Federal case, United States v. Tucker, (380 F. 2d 206, 213): “ The fear that harm may result from disclosure seems all the more real when it is recognized that the narcotics traffic is usually carried on by large organized rings which are ruthless in the protection of their interests and who deal mercilessly with those who disclose their activity. ’ ’
We think, however, that the situation here must be distinguished from that and from the situation in which the informant’s identification is requested to test the sufficiency of the underlying cause to issue a search warrant, or to make an arrest bas'ed on information from an anonymous informant.
The People argue that disclosing the name of the u informant ” or names of witnesses goes beyond the permissible scope of a bill of particulars, citing cases in support thereof which are distinguishable on their facts from the instant case. The cited cases relate to the protection of informants and police investigators where the name is not given and must remain unrevealed for security purposes.
In the instant case, the investigator’s true name was given in the indictment. This would in and of itself destroy the protection given an ‘ ‘ informant ’ ’ as far as retaliation was concerned. What is now at stake is sufficient information as to an assumed name so that the defendant may identify the transaction of which he is accused.
In People v. Cerrato (24 N Y 2d 1, 7) cited by the People, the Court of Appeals speaks of the ‘1 rare ’ ’ case where 41 disclosure is demanded by the requirements of a fair trial” (People v. Malinsky, 15 N Y 2d 86, 94.) We think this is such a case.
Where the true name of the informant is already a matter known to the defendant, and where the identification of the transaction requires knowledge of the name under which the *504 sale was made, we think it is incumbent upon the prosecution to furnish that name.
It should be added, however, that this decision is limited to its own facts (i.e., where the informant’s true name is' already known, and the fictitious name used in the alleged unlawful act is sought to be known). This court would feel that any expansion of such a holding, where disclosure would endanger an informer, might well involve an overriding public interest which would lead to an opposite decision. The facts as set forth here, though persuasive, do not convince us that this is such a case.
Defendant’s demands for items numbered 1, 2, 3 and 5 are denied and item number 4 is granted.