Per Curiam.

Defendant was convicted of committing two class A misdemeanors (petty offenses) by a jury of six and sentenced to a conditional discharge.
*654 This court finds no merit to defendant’s argument that he was entitled to a 12-member jury because the trial court could have sentenced him to one year on each charge to run consecutively, citing Duncan v. Louisiana (391 U. S. 145). The Duncan case is distinguishable since a single crime punishable by two years’ imprisonment was involved. Moreover, the constitutionality of the six-member jury system in the District Court has been upheld. (Matter of Soltis v. Samenga, 32 A D 2d 1064, affd. 26 N Y 2d 624.) No fundamental right of the defendant has been violated, nor does this court find any authority to require the People to prove as a part of its case that the syringe was functional.
Finally, we reject categorically the holding in People v. Cianciulli (59 Misc 2d 187). We find that the information charging the defendant with a violation of section 220.45 of the Penal Law, with ‘1 wilfully, wrongfully and unlawfully ’ ’ rather than ‘ ‘ knowingly and unlawfully ’ ’, is not deficient and that it does allege with certainty and precision the intent and culpable mental state of the defendant, i.e., “ knowingly,” as specified in the statute. It is well-established that the information or indictment is to inform the defendant of the charge against him so as to enable him to prepare a defense. (People v. Farson, 244 N. Y. 413; People v. Williams, 243 N. Y. 162; People v. Santoro, 229 N. Y. 277.) The defendant was made adequately aware of the charge against him. We find the reasoning in Gianciulli (supra) hypertechnical and unacceptable.
The judgment of conviction should be affirmed.
Concur — Hogah, J. P., Pittoni and McCullough, JJ.
Judgment affirmed.