David 0. Boehm, J.
The defendant, Victor Nelson, was indicted by the Monroe County Grand Jury for the crime of criminally selling a dangerous drug in the fourth degree, in violation of section 220.30 of the Penal Law of the State of New York (Indictment No. 21, filed Jan. 16, 1970).
Subsequent to this indictment defendant moved this court for an order that the District Attorney furnish certain information in a bill of particulars. The particular information requested, which is the subject of this motion, is that contained in paragraph 3 of the demand, i.e., ‘ ‘ the persons to whom the alleged dangerous drugs were sold.”
Since it is alleged by the defendant and undisputed by the People that the names of the undercover witnesses were disclosed in the sworn affidavit which accompanied the information, there is no longer any overriding policy consideration to refuse to furnish these same names in a bill of particulars. (People v. Rowlands, 59 Misc 2d 501, 503.)
As the defendant .points out, all of the cases cited by the People are Federal cases involving an interpretation of subdivision (f) of rule 7 of the Federal Rules of Criminal Procedure. These cases are not controlling. Even if they were, the court would be obliged to distinguish them in the light of the recent decision of the United States Court of Appeals, Fourth Circuit, holding that the trial court should have permitted discovery as to two leading government witnesses. Since their identity with the case was already disclosed, the court held, public policy no longer dictated the secrecy required by the Federal rules. (United States v. McGowan, 423 F. 2d 413.)
*912 The defendant is entitled to a bill of particulars providing him with the name or names of the person or persons “ to whom the alleged dangerous drugs were sold.”