Raymond E. Aldrich, Jr., J.
Puxsuant to CPL 210.20, the defendant John Taylor moves against Indictment No. 223/71, charging him with one count of criminally selling a dangerous drug, four counts of criminal possession of a dangerous drug, one count of criminally using drug paraphernalia, and one count of resisting arrest, for an order (a) dismissing the first count on the grounds “ it fails to state that the supposed sale was to a ‘ person ’ or the name of that person ’ ’ contrary to CPL 200.50 (subd. 7) and (b) dismissing the sixth count on the grounds that it fails to state a crime, or in the alternative, that Penal Law § 220.50 (subd. 2) is unconstitutional.
The first count of the indictment charges the defendant with ‘ ‘ the crime of criminally selling a dangerous drug in the third degree, a Class C Felony, in violation of Section 220.35 of the Penal Law of the State of New York, committed as follows:
The said defendant, at the City of Poughkeepsie, County of Dutchess and State of New York, on or about the 20th day of October, 1971, knowingly and unlawfully sold a narcotic drug, to wit: marihuana ’ ’.
The sixth count of the indictment accuses the defendant of “ the crime of Criminally Using Drug Paraphernalia in the Sec *971 ond Degree, a Class A Misdemeanor, in violation of Section 220.50, Subdivision 2, of the Penal Law of the State of New York, committed as follows:
“ The said defendant, at the City of Poughkeepsie, County of Dutchess and State of New York, on or about the 20th day of October, 1971, knowingly possessed material suitable for packaging individual quantities of narcotic drugs, to wit: a quantity of plastic bags, under circumstances evincing an intent to use the same for the purpose of unlawfully packaging and dispensing a narcotic drug, to wit: marihuana ”.
The form and content of an indictment are particularly described by statute (CPL 200.50), and consist, among the other requirements in subdivision 7 thereof, of a plain and concise factual statement, without evidentiary allegations, asserting facts supporting every element of the crime, and defendant’s commission thereof so as to clearly apprise him of the conduct with which he is accused.
The first count charges with unequivocal precision that the crime charged is the sale of a specific narcotic drug, namely, marihuana, and that such sale took place at a given place and on a date mentioned in the count, although the sale is not alleged to be to a person or is such a person named. The criminal act for which defendant is indicted is clearly and unmistakably a sale of marihuana, and no other act can possibly be envisioned under the first count.
By our statute (Penal Law, § 220.00, subd. 5), a sale “ means to sell, exchange, give or dispose of to another or to offer or agree to do the same ”, and when an indictment charges conduct suggesting a knowing and unlawful sale of a given prescribed narcotic drug at a certain place and on a specified date, this court believes that the count is worded sufficiently to meet the statutory requirements of a plain and concise factual statement even though the name of the person to whom the sale was made is not mentioned.
For this court to hold that the count is defective because of a lack of words to the effect that the sale was made to a “ person ’ ’ would be ludicrous and a demented application of common sense and understanding of the common meaning of the word defining “sell” under subdivision 5 of section 220.00 of the Penal Law.
The criminal act prohibited is a sale of a narcotic drug. It is immaterial under the statute whether the sale is to a male or a female, a private citizen or a police officer, and the name of the purchaser is of no consequence in setting forth the essential ele *972 ment of prohibited conduct implicit in the crime of selling a dangerous drug.
The guidelines to sustain an indictment are the product of long-ago declared decisional law, namely, that an indictment is to be construed liberally in determining the sufficiency thereof and any technical objection thereto should be rejected. This conception is co-existent with the premise that ‘ ‘ the indictment is sufficient if it identifies the charge against the defendant so that his conviction or acquittal may prevent a subsequent charge for the same offense; notifies him of the nature and character of the crime charged against him to the end that he may prepare his defense; and enables the court upon conviction to pronounce judgment according to the right of the case ” (People v. Farson, 244 N. Y. 413, 417; People v. Helmer, 154 N. Y. 596; People v. Williams, 243 N. Y. 162; People v. Schultz, 301 N. Y. 495; People v. Dabek, 18 A D 2d 773).
The first count of this indictment meets the standards above established by decisional and statutory law even though the name of the person to whom the sale was made is omitted therefrom, as it is only incumbent upon the People to establish upon the trial the fact that a sale took place. (People v. White, 32 N. Y. 465; People v. Nussbaum, 87 Misc. 269.)
"While the name of the alleged purchaser upon a sale is not essential to the sufficiency of this indictment, the defendant must be accorded his constitutional guarantee that his conviction or acquittal thereunder will not be followed by a subsequent charge for the same offense. Such an assurance can be given through the medium of a bill of particulars when the name of the buyer is revealed, which in this ease seems most essential to assure him that he is not being charged with a crime of selling to a person other than to the person for whom he was indicted, and additionally to enable the defendant to adequately prepare and conduct his defense (CPL 200.90) by being informed of the identity of the transaction of which he is accused. (People v. Williams, supra; People v. Dabek, supra; People v. Newman, 190 Misc. 143; People v. Berhowitz, 14 Misc 2d 384; People v. Rowlands, 59 Misc 2d 501.)
For this reason, the court suggests that the defendant make demand for the name of the person to whom the alleged sale was made, and upon receipt of the demand the District Attorney will furnish to the court his proposed bill of particulars together with a copy of the Grand Jury minutes in order that the court can be assured that the crime described in the indictment is the same crime for which the Grand Jury indicted.
*973 Accordingly, the motion to dismiss the first count of the indictment is denied.
In passing upon the challenge as to the constitutionality of subdivision 2 of section 220.50 of the Penal Law, this court must take cognizance of the well-established principle that this statute, like all other legislative enactments, is supported by a strong presumption of validity, and to establish the contrary, the unconstitutionality of this statute must be demonstrated beyond a reasonable doubt (Matter of Van Berkel v. Power, 16 N Y 2d 37, 40).
A statute, of course, must be sufficiently definite so as to advise a reasonable person of conduct or action which is prohibited, and furthermore bear some reasonable relation to the public good (People v. Pagnotta, 25 N Y 2d 333, 337).
One cannot question hut that the Legislature is well aware of the growing problem of narcotics, infecting and destroying our young men and women in all segments of our society, a problem which in the large urban centers is suggested to have reached major proportions. Subdivision 2 of section 220.50 of the Penal Law is an effort to meet and conquer this deadly problem.
The crucial language of the sixth count which defendant challenges is the possession of ‘ ‘ material suitable for packaging individual quantities of narcotic drugs, to wit: a quantity of plastic hags ” in a manner in which the statute forbids, namely ‘ ‘ under circumstances evincing an intent to use * * * the same for the purpose of unlawfully * * * packaging or dispensing of any narcotic drug.” (Penal Law, § 220.50, suhd. 2). The conduct proscribed is not the possession of a harmless, innocuous ‘1 plastic bag ’ ’ which can be used for many legitimate purposes so obvious as not to require recitation, but rather the taking of such an instrumentality ‘ ‘ under circumstances ’ ’ which clearly indicate a criminal purpose and objective, namely, unlawfully packaging and dispensing a narcotic drug contrary to the purposes for which the statute was enacted. (People v. Spillman, 309 N. Y. 295, 299, 300; People v. Borrero, 26 N Y 2d 430; People v. Perez, 7 A D 2d 633.)
While the burden upon the People to prove beyond a reasonable doubt that conduct is intended which violates the statute may he a heavy one, this fact alone is insufficient to declare unconstitutional a legislative enactment which is definite, precise and reasonable under modern living conditions existing in a society faced with the drug plague.
This court holds that subdivision 2 of section 220.50 of the Penal Law is not vague and is a reasonable restriction upon a *974 person’s activities in the interest of the public good, and accordingly is constitutional.
For the foregoing reasons, the motion to dismiss the sixth count of the indictment is denied.