Richard H. Farley, J.
The defendants above named have moved for an order pursuant to GPL 210.20 dismissing the indictments herein upon various grounds stated in the moving papers. The only ground with any legal substance is that the indictment *584 is defective within the meaning of CPL 210.25. The defendant Mark Tripp is charged with criminally selling a controlled substance in the fifth degree in violation of section 220.34 of the Penal Law as follows: ‘ ‘ The defendant, in the County of Delaware, on or about the 26th day of October, 1973, did sell a quantity of a controlled substance, to wit, the controlled substance containing marijuana being more than % ounce.”
The defendant Mark Tripp is also charged with the crime of criminal possession of a controlled substance in the fifth degree in violation of section 220.09' of the Penal Law, as is his wife MarySusan Tripp and which indictments read as follows: “ The defendant, in the County of Delaware, on or about the 27th day of October, 1973, did possess a quantity of a controlled substance, to wit, more than one (1) ounce of marijuana.”
The pertinent statutes involved, sections 220.09 and 220.34 of the Penal Law in defining the crime use the words, “ he knowingly and unlawfully sells ” (220.34) and when “ he knowingly and unlawfully possesses ” (220.09). The defendants claim that the aforesaid indictments are fatally defective in that they fail to allege the words ‘‘ knowingly and unlawfully.” The District Attorney counters that the indictments set forth the section of the Penal Law charging the crime so that the defendants are on notice as to each and every element of the crime which he must prove. The lack of these words appears to be a case of first impression in this State.
In People v. Cianciulli (59 Misc 2d 187) the Nassau County District Court dismissed an information charging the defendant with possessing a hypodermic instrument which information alleged that the defendant “ did willfully, wrongfully and unlawfully violate ” upon the ground that the words “ knowingly ” possessed were necessary under the wording of that statute, section 220.45 of the Penal Law. In substance the court held that the information must allege with certainty and precision that the defendant had committed an act under the circumstances and with the intent mentioned in the statute. In People v. Jinks (63 Misc 2d 653, 654) the Appellate Term of the Supreme Court categorically rejected the holding in People v. Cianciulli {supra), upon the grounds that the defendant was adequately made aware of the charge against him by the language of that information using the words “ willfully, wrongfully and unlawfully” rather than “knowingly and unlawfully.” The Appellate Term found that the reasoning in the Cianciulli case was hypertechnical and unacceptable. However, in the instant case none of the above words or any combination *585 of the same were used in these indictments which are essential elements of the crimes charged therein.
This court holds that the defendant’s culpable mental state, in this case knowledge, is a necessary allegation in the indictment. Otherwise, the indictment fails to state the commission of the crime. In sustaining an- indictment for the sale of narcotics the Dutchess County Court in People v. Taylor (70 Misc 2d 970) held that the name of the person to whom the drug was sold was not an essential element of the indictment because that information could be obtained by a bill of particulars. However, even that indictment used the words ‘ ‘ knowingly and unlawfully” and these words are not the proper subject for such a bill of particulars.
The District Attorney has not moved to amend the indictment and in any event the court is of the opinion for the reasons above stated that he could not do so under paragraph (a) or (b) of section 2 of CPL 200.70. However, the District Attorney is granted permission to resubmit the charges to the Grand Jury for the April, 1974 Supreme Court term.