■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES COLLOCA, Appellant.—Judgment unanimously reversed on the law, and indictment dismissed. Memorandum: On this appeal from his conviction of possession of gambling records in the first degree under subdivision 1 of section 225.20 of the Penal Law defendant argues for reversal on several grounds. He contends that the court erred in denying his motion to dismiss the indictment for lack of an allegation that he possessed the alleged gambling records, "with knowledge of the contents thereof". The statute under which defendant was indicted (Penal Law, § 225.20, subd 1) provides that "A person is guilty of possession of gambling records in the first degree when, *with knowledge of the contents thereof,* he possesses any writing, paper, instrument or article: 1. Of a kind commonly used in the operation or promotion of a bookmaking scheme or enterprise" (emphasis added). CPL 200.50 (subd 7) provides that an indictment must contain "A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting *every element of the offense*

*charged* and the defendant's * * * commission thereof with sufficient precision to clearly apprise the defendant * * * of the conduct which is the subject of the accusation" (emphasis added). Possession of gambling records is not a crime unless they are possessed "with knowledge of the contents thereof". Hence the indictment does not charge the defendant with a crime, and so the omission of those words renders the indictment jurisdictionally defective *(People v McGuire,* 5 NY2d 523; *People v Clough,* 43 AD2d 451; *People v Douglas,* 12 AD2d 194; *People v Tripp,* 79 Misc 2d 583, affd 46 AD2d 743). The fact that the indictment recited that it charged violation of subdivision 1 of section 225.20 of the Penal Law did not cure the defect *(People v Barnes,* 44 AD2d 740; *People v Tripp, supra).* Defendant also contends that the court erred in not suppressing the tapes of conversations over defendant's telephone line. In a prior case we have ruled on the precise questions raised in this point, and have held that the eavesdropping warrant was properly issued upon probable cause, but that it was not legally executed because the officers violated CPL 700.50 (subd 2), in that they did not protect the confidentiality of the tapes and protect them from tampering or editing by " 'Immediately upon the expiration of the period of [the] eavesdropping warrant [make them] available to the issuing justice [for sealing] under his direction' " *(People v Scaccia,* 55 AD2d 444, 446–447). However, none of these tapes was offered or placed into evidence, and so the fact of their illegality is of no avail to the defendant. Nevertheless, defendant contends that error was committed when Investigator La Gotta testified concerning the meaning and intent of some of those intercepted messages. This testimony, however, was elicited by defendant on cross-examination of La Gotta; and only on his redirect examination did defendant object to such testimony, and then the objection was solely on the ground that the question called for a conclusion. Defendant, therefore, waived his right to exclude such testimony. We have considered the other contentions of error asserted by defendant and find them to be without merit. Because of the defect in the indictment above discussed, the judgment is reversed and the indictment is dismissed. (Appeal from judgment of Oswego County Court—possession gambling records, first degree.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.