Nathan R Sobel, J.
The defendant, Vassallo, demurs to an indictment charging him and four others with two crimes in two separate counts.
The indictment reads as follows:
“ FIRST COUNT.
“ The Grand Jury of the County of Kings, by this count in this indictment, accuse the defendants, each aiding and abetting the other, of the crime of Obscene Prints and Articles, Contrary to Penal Law Section 1141.
“ SECOND COUNT.
“ The Grand Jury of the County of Kings, by this count in this indictment, accuse the defendants of the crime of Conspiracy, Contrary to Penal Law Section 580.”
It is obvious that the indictment was drafted pursuant to sections 295-a to 295-1 of the Code of Criminal Procedure (L. 1929, ch. 176) governing simplified forms of indictment.
In this State the Legislature has twice attempted to simplify the forms of indictment.
The Code of Criminal Procedure, adopted in 1881, following the recommendations of the Commissioners on Practice and Pleading, abolished the artificial verbiage and outworn terminology which prior thereto had been technical requirements of *386 all indictments. Thus, sections 275 and 284 of the new code required that the indictments set forth plainly and concisely the acts or omissions charged as crimes. And sections 280 to 285 eliminated other loopholes through which offenders had theretofore been able to avoid conviction because of technical requirements of indictments. (See Fuld: Current Developments and New Directions in Criminal Law, editorial p., N.Y.L.J., Feb. 28 to March 3,1944.)
The decisions following the enactment of 1881 faithfully followed the new statutes. It was repeatedly held that the puroose of the indictment was to apprise the defendant of the aature and character of the offense charged and of the facts which may be proved so as to enable a defendant to prepare his defense and sufficiently to identify the charge against him in order that he might not later be subjected to double jeopardy. (People v. Peckens, 153 N. Y. 576; People v. Helmer, 154 N. Y. 596; People v. Willis, 158 N. Y. 392; People v. Klipfel, 160 N. Y. 371; People v. Kane, 161 N. Y. 380; People v. Corbalis, 178 N. Y. 516.)
Before discussing the second attempt to simplify indictments in this State, I return to a consideration of the indictment in issue. It is clear that it meets none of the tests of the foregoing statutes or decisions.
For instance, the first count charges a violation of section 1141 of the Penal Law, obscene prints and articles. The section proscribes publishing, printing, distributing, selling and possessing. It applies to books, magazines, newspapers, photographs, motion pictures, recordings and paintings. The defendant is neither advised of the nature of the charge against him nor of the facts which may be proved on the trial. Is he charged as a mere possessor or with distribution? Which of the articles found in his possession are deemed obscene?
With respect to the second count charging conspiracy contrary to section 580 of the Penal Law, the indictment is even more obscure. Is he charged with conspiracy to commit a specific substantive crime (subd. 1) or to commit an act injurious to public morals (subd. 6) ?
These are just a few of the objections. In addition it recites no time, date or place of commission of the crimes charged.
It is clear that the indictment cannot be sustained under section 275 of the Code of Criminal Procedure. (See Code Crim. Pro., § 323, grounds for demurrer.)
However, in 1929, the Legislature by chapter 176 provided for alternative forms of “ Simplified Indictments”. (Code Crim. *387 Pro., §§ 295-a to 295-1.) The District. Attorney may elect to use such simplified indictments.
These new sections were a recommendation of the Baumes’ Commission. The commission after investigating the Canadian and English system of indictment (see 1927 Report) recommended (1928 Report, p. 162) as follows: “ Under the present provisions of the code of criminal procedure, indictments, generally speaking, contains two statements; (one) a statement of the crime charged, and (two) a statement of the particulars of the crime charged. In order to bring about a simpler and shorter indictment, it becomes necessary, and is the purpose of proposed legislation to confine the indictment to a mere statement of the crime charged, leaving a statement of the particulars of the crime charged to a bill of particulars. Provision is made for the amendment in certain respects of both the indictment and the bill of particulars without the necessity nor incidental delay of resubmitting the case to the grand jury. Where a case has been once submitted to the grand jury and an indictment found, it would seem that there should be some way that that body’s time should not again be taken up by the same matter simply because of alleged errors for which it is in no way responsible. For example, if a person is indicted for the larceny of a check instead of its proceeds, the indictment cannot be amended. (People vs. Geyer, 196 N. Y. 364.) Again, where a person is indicted for larceny and it subsequently develops that he is guilty of receiving stolen goods, there must again be a resubmission to the grand jury. In both instances it must be conceded that the time of the grand jury is unnecessarily taken by the resubmission of the same facts in order to secure a different form of indictment. Incidentally, it will be found by comparing the provisions of the proposed bill with the existing law that not only is the form of the indictment greatly simplified, but that among other things the occasion for demurrers is done away with.” (Italics mine.)
Sections 295-b, 295-c and 295-d specify that the indictment must contain the name of the crime and may contain a reference to the statute defining the crime.
Section 295-f provides that the indictment may be supported by proof that the defendant committed any of the acts or omissions forbidden by the statute defining the crime charged.
Section 295-g makes it mandatory upon the request of the defendant for the court to direct the District Attorney to file a bill of particulars and section 295-h requires the bill of particulars to contain substantially such information as is necessary *388 to give the defendant reasonable information as to the nature and character of the crime charged.
In short it is intended that after the indictment, the People shall supply by bill of particulars the information now required in long-form indictments by section 275.
The new simplified indictment statutes were the subject of an early court test. A divided Court of Appeals (4 to 3; Judge Lehman writing for the majority and Judge Crane for the minority) reviewed the statutes in People v. Bogdanoff (254 N.Y. 16 [1930]). It should be noted however, that Bogdanoff was on appeal from a conviction for murder. The issue of the constitutionality of the simplified indictment was raised collaterally by motion to dismiss during trial. Also in Bogdanoff a bill of particulars was actually served on the defendant before trial supplying the full details missing from the simplified indictment. The issue in the instant case is raised by demurrer before plea, before service of a bill of particulars and of course, before trial.
Nevertheless Bogdanoff is decisive of the issue in the instant case. And it is clear from that decision that the Legislature did not and could not do away with the occasion for demurrers as the Baumes’ Commission expected it would.
Bogandoff holds (p. 20): The Constitution of New York (art. I, § 6) provides “ that no person shall be held to answer for a capital or otherwise infamous crime * * * unless on
presentment or indictment of a grand jury.” The courts must measure the sufficiency of indictments solely in relation to the substantial rights of the accused, guaranteed either by the express language or the fair intendment of the Constitution. “ The indictment is sufficient if it indentifies the charge against the defendant so that his conviction or acquittal may prevent a subsequent charge for the same offense; notifies him of the nature and character of the crime charged against him to the end that he may prepare his defense; and enables the court upon conviction to pronounce judgment according to the right of the case.” (People v. Farson, 244 N. Y. 413, 417.) No simplification which might deprive an accused of these constitutional guarantees could be sustained by the courts.
But may the deficiencies in an indictment clearly unconstitutional by the above standards, be supplied by a bill of particulars? Bogdanoff says, yes (p. 25) but only where they (the indictment and bill of particulars) refer to the same crime. There always exists the danger that the bill of particulars will charge the defendant with a different crime than that found by the grand jury. That danger, the court says, always existed even under common law and long-form indictments. The test in each *389 case involving simplified indictments, ' ‘ must be whether failure to set forth in an indictment all the essential elements of the crime which the accused is held to answer, has resulted in depriving the accused in that case of a substantial right and subjects him to actual danger of trial upon a charge upon which he has not been indicted(Italics supplied.)
Thus in the case of simplified indictments, in addition to the safeguards set forth in People v. Farson (supra), it must also be clear that the indictment and bill of particulars read together do not subject the defendant to actual danger of a trial upon a charge upon which he has not been indicted.
Bogdanoff was a murder case. The bill of particulars specified the time and place of the killing and the person killed. That was deemed sufficient in that case. But the court said (pp. 31-32): “ The new forms may at times prove unwise. Doubtless if district attorneys insist upon using1 the form employed here, they will at times be unable to meet a challenge to the sufficiency of the description of a crime. Extraneous evidence may still leave uncertain at times whether an indictment for 1 murder ’ or ‘ larceny ’ covers one crime or several. The evidence presented to the grand jury might cover several connected homicides or a series of defalcations with nothing to demonstrate which crime of the series was intended to be the subject of the charge. Then the courts will be compelled to discharge the accused. Too often the courts are called upon to point out that innovation does not necessarily imply improvement. With equal ease and with greater certainty the District Attorney might have used, if he had chosen, a more precise form of indictment not subject to any possible claim that the indictment did not describe the same crime covered by the bill of particulars. There must in every case be identity of accusation, and the indictment must describe the crime upon which the accused is held. It is the duty of the District Attorney to formulate that description with such precision that it cannot be successfully challenged. Our decision that in this ease the conviction must be sustained where no claim is made that the charge in the indictment of murder in the first degree could have been understood to have any meaning* other than a charge of the murder of Ferdinand Fechter, may not be regarded as a judicial approval of the form of indictment used. It is sufficient here; it might prove insufficient in any case where doubt as to its meaning could exist. Whatever form is used, an indictment must still remain a written accusation of a crime hv the grand jury. Reasonably precise formulation should render it unnecessary to resort to extraneous proof, yet a faulty *390 formulation of an indictment cannot require a reversal of. a conviction unless there is doubt as to the meaning of the indictment. ’ ’
I reach the following conclusions: The Legislature may prescribe the form of indictments. It may provide, as it did in 1929, that the indictment need supply only the name of the crime and that other essential elements and facts may bo supplied by a bill of particulars. The Legislature may also determine which elements of the crime are deemed essential for the protection of the accused and may provide that only such elements need be included in the form and language of the indictment. For instance it provided in section 1290-a of the Penal Law (L. 1942, ch. 732) that an indictment charging larceny in its common-law form is sufficient to charge a larceny by embezzlement or by trick or device. In the same section it decided that a false pretense must however be alleged in an indictment charging larceny by false pretenses. This, in effect, constituted a determination that an allegation of false pretenses was an essential element of an indictment but that allegations of embezzlement and trick or device were not essential. In this same connection, the courts have ruled that an indictment need not allege a felony murder but that such a charge is encompassed in an indictment for murder in the common-law form. (People v. Giblin, 115 N. Y. 196; People v. Giusto, 206 N. Y. 67.) The point is that not every element of a crime is deemed essential and the Legislature may so declare.
The courts are not concerned whether the forms of indictment prescribed by the Legislature are wise. The courts are limited to the determination whether the forms prescribed are constitutional. The constitutional questions, in each instance, to be determined are —:
(1) Does the indictment violate the constitutional mandate that the Grand Jury, not the District Attorney, has the power to accuse?
(2) Does the indictment comply with the minimum requirements of procedural due process in that it sufficiently informs the defendant of the nature 'of the charge against him to enable him to prepare his defense and adequately to protect him against possible double jeopardy?
With regard to the first question, the courts have held that an indictment must contain not only a description of the crime charged but also a statement of the facts by which it is constituted. In a simplified indictment, the bill of particulars may *391 provide such a statement of facts. But there must be certainty that the bill of particulars describes the same crime for which the Grand Jury indicted. If there is any room for doubt in this regard, a demurrer must be allowed. “ No person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury.” (N. Y. Const., art. I, §6.) The District Attorney may not find an indictment. The accused may not be subjected to the danger of a trial for a crime for which he was not indicted.
With regard to the second question, procedural due process requires that the defendant be advised by the indictment and the bill of particulars of each essential (but not every) element of the crime. He must be sufficiently informed to enable him to prepare a defense. He must be adequately protected against possible double jeopardy. I recognize that in stating this rule, I am in effect begging the question. But it is impossible to formulate an exact rule. In each case, a determination is dependent on the nature of the crime charged and the facts of that case.
In People v. Newman (190 Misc. 143 [1947]) I disallowed a demurrer to a simplified indictment charging a violation of subdivision 1 of section 66 of the Education Law. That statute, like the statutes in issue here, defines several different acts as constituting the single crime. I therefore, directed the District Attorney to serve upon me his proposed bill of particulars together with the Grand Jury minutes. I could then determine whether the indictment together with the bill of particulars left no doubt that the crime described was the same crime for which the Grand Jury indicted and that the defendant could with reasonable certainty prepare his defense and be protected against double jeopardy.
I may not make the same direction here. For, upon the argument of the demurrer, sufficient facts were presented to me to convince me that I shall be unable to determine from the Grand Jury minutes whether the Grand Jury indicted, under the obscenity statute, for distribution, possession with intent to sell, or mere possession. Or, which of the many articles introduced in evidence, the Grand Jury deemed obscene. With respect to the second count, conspiracy, I shall be unable to determine whether the Grand Jury indicted for conspiracy to commit the substantive crimes of publishing, printing, selling, or possessing (Penal Law, § 580, subd. 1) or conspiracy to commit an act injurious to public morals (Penal Law, § 580, subd. 6).
I have no doubt that despite the failure of the defendant to demand a bill of particulars, I may order same to be served upon *392 him. But as heretofore stated there can be no certainty that the crime described therein is the same crime for which the Grand Jury indicted. Nor could such a bill of particulars in the instant -case meet the minimum requirements of procedural due process.
I am constrained to add a cautionary note, as indeed did Judge Lehmast in Bogdanoff (254 N. Y. 16, 32, supra): “ With equal ease and with greater certainty the District Attorney might have used, if he had chosen, a more precise form of indictment not subject to any possible claim that the indictment did not describe the same crime covered by the bill of particulars. There must in every case be identity of accusation, and the indictment must describe the crime upon which the accused is held.”
Despite the stated purpose of its sponsors (the Baumes’ Commission, supra noted), the simplified form of indictment may not be used where the District Attorney is uncertain of the nature of the crime to be charged and the factual allegations to be included in the indictment. It may be used where indeed it is least necessary, i.e., where the evidence presented to the Grand Jury leaves no doubt of the crime charged and the facts upon which that charge is based. It is suitable in eases of homicide, robbery and burglary and not by any means in all such cases. But the long form of indictment can be used with equal facility in such cases. Where a statute defines a crime which may be charged in several different ways and the evidence presented before the Grand Jury can support more than one of the charges, the simplified form should not be used.
As a practical problem, where the issue is not raised before trial, I have found it extremely difficult intelligently to charge the jury where the simplified form has been used. The same difficulty confronts the District Attorney in his summation to the jury. But more important, the constitutional question, even in the absence of a demurrer or pretrial motion to dismiss, if properly raised during the trial, survives the judgment of conviction and is a proper ground for appeal. Bogdanoff was such a case. In the interest of finality of judgment, the simplified form of indictment should not be used.
The demurrer is allowed in all respects. The objections on which the demurrer is allowed may be avoided on a new indictment. The District Attorney is directed to resubmit to the same or another Grand Jury. (Code Crim. Pro., § 327.)
Both sides may submit appropriate orders.