THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STEVENS WILLIAMS, Appellant.— Appeal from an order of the Supreme Court, Columbia County Special Term denying a motion to vacate and set aside a judgment of conviction against appellant for the crime of murder in the second degree. The motion in the nature of *coram nobis*, was denied after a hearing at which testimony was taken. Appellant was indicted for murder in the first degree and pleaded guilty to the crime of murder in the second degree on November 30, 1949. After arraignment he was assigned counsel who had formerly been a District Attorney of Columbia County. He now complains that his constitutional and statutory rights were violated. One complaint is that he was not represented by counsel before the committing Magistrate, who was the County Judge of Columbia County. There is testimony however to the effect that he was advised of his right to counsel, and the court so found. After being committed to await the action of the Grand Jury he made a request to appear before the Grand Jury and was advised that he would have to sign a waiver of immunity. After signing a waiver he was advised by the District Attorney that anything he testified to might be used against him. The minutes of the proceedings before the Grand Jury were taken by a Supreme Court reporter, whose designation and oath were not filed in the County Clerk's office. This we regard as a technicality which did not affect any substantial right of appellant. A regularly appointed Supreme Court reporter is an officer of the court in any event. Appellant also contends that the indictment found against him was insufficient to charge the crime of murder in the first degree in that it gave no particulars of the crime charged and did not name the alleged victim. It was a short form indictment as permitted and prescribed by section 295-d of the Code of Criminal Procedure, and was a sufficient written accusation to comply with the requirements of the State Constitution (*People* v. *Bogdanoff*, 254 N. Y. 16). If further particulars were desired the District Attorney would have been obliged to furnish them upon demand (Code Crim. Pro., § 295-g), but in the absence of such a demand there was no duty resting on the District Attorney to furnish them, especially where the defendant was represented by able counsel. The voluntary failure to make such a demand is a weak foundation for the claim that appellant was deprived of a constitutional right (*Patton* v. *United States*, 281 U. S. 276). The other matters alleged we do not feel it necessary to discuss. Suffice it to say

that we find no substantial right of the appellant was violated. Order unanimously affirmed. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.