THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ANTHONY RIFORGIATO, Respondent.

In the Matter of CARMAN F. BALL, Petitioner, *v.* WILLIAM B. LAWLESS et al., Respondents.

Fourth Department, July 1, 1963.

*Carman F. Ball, District Attorney (Leonard F. Walentyno-wicz* of counsel), for appellant and petitioner.

*Condon, Klocke, Ange & O'Donnell (John W. Condon, Jr.,* and *Grace Marie Ange* of counsel), for Anthony Riforgiato, respondent.

*Per Curiam.* Special Term made an order vacating a judgment of conviction entered on November 27, 1929 and directed resentence of respondent. The People appealed from that order but being uncertain of such right to appeal also commenced a proceeding in the nature of prohibition pursuant to the provisions of article 78 of the Civil Practice Act. The order was appealable as a matter of right. Respondent's reliance upon *People* v. *Sidoti* (1 A D 2d 232) is misplaced. The holding therein to the contrary was expressly overruled in *People* v. *Waterman* (11 A D 2d 622, 623). Furthermore, it was unnecessary for the District Attorney to resort to an article 78 proceeding to review the order of Special Term. That was a procedural device born of necessity. (Cf. *Matter of Hogan* v. *Court of General Sessions,* 296 N. Y. 1; *Matter of Lyons* v. *Ward,* 272 App. Div. 120, affd. 297 N. Y. 617, affd. *sub nom. Paterno* v. *Lyons,* 334 U. S. 314.)

Following these decisions the Legislature, pursuant to recommendation of the Judicial Council (Fourteenth Annual Report of N. Y. Judicial Council, 1948, p. 25), amended (L. 1947, ch. 706) sections 517, 518 and 519 of the Code of Criminal Procedure to permit an appeal to be taken from an order granting or denying a motion to vacate a judgment of conviction. Subdivision 4 of section 518 authorizes an appeal by the People from the order made herein. (Cf. *People* v. *Waterman, supra.*)

Turning to the issue presented. In October, 1929 a Grand Jury returned a short-form indictment accusing respondent and another of grand larceny, first degree, contrary to sections 1290 and 1294 of the Penal Law. Respondent entered a plea of not guilty and presumably pursuant to demand the court ordered the prosecutor to furnish a bill of particulars. This was done and the bill alleges that on September 26, 1929 respondent and the codefendant " at the City of Buffalo, in this county, stole $39.75 " from a named party. Thereafter, respondent changed his plea to guilty and on November 22, 1929 was sentenced to Elmira Reformatory.

In 1952 following indictment and trial respondent was convicted of certain felonies and by reason of the 1929 conviction was sentenced as a second offender. In this proceeding respondent moved to vacate the 1952 judgment insofar as it imposed sentence as a second felony offender. It was his contention that the crime set forth in the 1929 indictment and bill of particulars was the misdemeanor of petit larceny and not the crime of grand larceny. This was so, respondent argued, because indictment and bill read together did not charge that the sum of money was taken from the person of the victim and such was an essential element of proof to establish the crimes of either grand larceny, first or second degrees (Penal Law, § 1294, subd. 1; § 1296, subd. 2). Absent these essential elements the crime, respondent contended, could only be petit larceny.

Special Term in vacating the 1929 judgment of conviction relied upon *People* v. *Englese* (7 N Y 2d 83). This was error as that decision is distinguishable and not here controlling. *Englese* is only authority for the principle that relief is available if a long-form indictment fails to state all the essential elements of the crime. This is in accord with well-established legal principles. If such form is used there must be compliance with section 275 of the Code of Criminal Procedure which required " A plain and concise statement of the act constituting the crime, without unnecessary repetition." The applicable rule was enunciated in *People* v. *Albow* (140 N. Y. 130, 134):

" The settled rule of criminal pleadings requires that all the elements which enter into the definition of an offense must be stated in the indictment " or the pleading is fatally defective.

Similarly, in *People* v. *Oliver* (3 N Y 2d 684) defendant had been convicted of burglary, first degree. The count of the long-form indictment omitted the words " in the night time " — an essential element of the crime (Penal Law, § 402). In reversing the judgment of conviction it was said (p. 686): " The indictment, being in long form, is defective insofar as it charges burglary in the first degree by omitting the essential allegation that it occurred in the nighttime (Penal Law, § 402, subd. 4), and, being in the long form, it could not be amended nor the deficiency supplied by a bill of particulars or ignored (*People* v. *Ercole,* 308 N. Y. 425).''

These are the legal principles implemented in *People* v. *Englese* (*supra*). The court examined the long-form indictment and found it charged only a misdemeanor because there was missing therefrom an allegation of an essential element to make the crime a felony.

The procedure as to a simplified indictment with which we are here concerned is entirely different. All that is required in the first instance is the accusation of the commission of a named crime without specifying time, date, place or manner of commission thereof (Code Crim. Pro., §§ 295-b, 295-c, 295-d). The granting of a bill of particulars is mandatory (§ 295-g) but section 295-h (subd. 2) only requires that the bill contain " A statement, in ordinary language, without stating items of evidence or *necessarily setting forth all the elements of the crime,* of such particulars as may be necessary to give the defendant and the court reasonable information as to the nature and character of the crime charged.'' (Emphasis supplied.) See, also, suggested form of bills of particular as set forth in section 295-i. Lastly, section 295-f states that such " An indictment may be supported by proof that the defendant committed any of the acts  *  *  * forbidden by the statute defining the crime charged.''

After the new procedure for simplified indictments was enacted (L. 1929, ch. 176) it was passed upon in *People* v. *Bogdanoff* (254 N. Y. 16). In sustaining the sufficiency of the indictment and the constitutionality of the statute it was said (p. 27) that the defendants " point to no substantial right, guaranteed to them by the Constitution, which has been prejudiced by failure to state in the indictment all the essential elements of the crime charged.'' (See, also, *People* v. *Williams,* 7 A D 2d 826.)

We conclude that the indictment was valid and conferred jurisdiction upon the court. The bill of particulars was not required to give all essential elements of the crime. Defendant pleaded guilty and failed to move in arrest of judgment. (Code Crim. Pro., § 467.) There is no ground for finding that defendant was deprived of any constitutional right.

The order entered January 18, 1963 should be reversed and the motion denied. The application for an order in the nature of prohibition should be denied.

HALPERN, J. (concurring). I concur in the result reached in the *Per Curiam* opinion although I do not concur in all that is said in the opinion.

I agree that *People* v. *Englese* (7 N Y 2d 83) upon which Special Term relied is "distinguishable and not here controlling" but my reasons are somewhat different from those given in the *Per Curiam* opinion. In the *Englese* case, the defendant had been indicted for "the crime of carrying a dangerous weapon as a Felony Offense". The District Attorney agreed that the word "felony" was a mistake and that the word "misdemeanor" should have been used in the indictment instead (District Attorney's Brief in the Court of Appeals, p. 8). Accordingly, when the defendant moved to vacate the judgment of conviction entered upon his plea of guilty to the felony, the District Attorney did not raise any objection to the vacating of the judgment nor did he contend that a motion to vacate or *coram nobis* would not lie under the circumstances and, of course, the District Attorney took no appeal from the portion of the order vacating the conviction. The case reached the Appellate Division and Court of Appeals only on the defendant's appeal (8 A D 2d 744, revd. 7 N Y 2d 83). The District Attorney had argued in the County Court that the indictment should be deemed to be amended by changing the word "felony" to "misdemeanor" and that the defendant's plea of guilty to the felony should stand as a plea of guilty to the misdemeanor. The County Court agreed with the District Attorney and, after vacating the felony conviction, the court refused to allow the defendant to withdraw his plea of guilty and it directed that the plea stand as a plea of guilty to the misdemeanor charge. This the Court of Appeals held was improper. "He had a right to plead anew to the indictment considered as one for misdemeanor" (p. 86). It thus appears that the *Englese* case arose under very special circumstances growing out of a conceded mistake in labeling a misdemeanor a felony. The *Englese* case dealt only with the question of

the right to compel a defendant to adhere to his former plea of guilty after the judgment of conviction had been vacated and the charge had been changed from a felony to a misdemeanor. The Court of Appeals was not called upon to decide in the *Englese* case any general question as to whether *coram nobis* or a motion to vacate a judgment of conviction would lie upon the ground of the alleged insufficiency of the indictment. It had been held in *People ex rel. Wachowicz* v. *Martin* (293 N. Y. 361) that habeas corpus would not lie in a case in which the defendant had pleaded guilty to a crime which was not included in the crime charged. This was reaffirmed in the *Englese* case. It had been held in a long line of cases beginning with *Matter of Lyons* v. *Ward* (272 App. Div. 120, affd. 297 N. Y. 617, affd. *sub nom. Paterno* v. *Lyons*, 334 U. S. 314) that no relief could be had in *coram nobis* after a plea of guilty, on the ground of a defect in the indictment appearing on the face of the record. (See cases listed in *People* v. *Barr*, 12 A D 2d 722; when Barr's case came up on appeal a second time, after the hearing ordered upon the first appeal had been held, this court affirmed without opinion the denial of the writ of error *coram nobis* 14 A D 2d 990.) (See, also, *People* v. *Eastman*, 306 N. Y. 658; *People* v. *Fortson*, 7 A D 2d 139; *People* v. *Gifford*, 12 A D 2d 578.) It may be noted that in the *Paterno* case (*supra*) a long-form indictment was used.

The cases cited in the *Per Curiam* opinion in which an attack was allowed, after conviction, on the sufficiency of the indictment were cases of direct appeal from a judgment of conviction. As the Court of Appeals has recently observed: "Neither *coram nobis* or any other post-conviction remedy may be employed to perform the office of an appeal." (*People* v. *Howard*, 12 N Y 2d 65, 68.)

I do not believe that it was the intention of the Court of Appeals in the *Englese* case to overrule the line of authorities referred to above and to hold that *coram nobis* would lie to attack a conviction entered upon a plea of guilty, upon the ground that the indictment to which the defendant pleaded was insufficient in law or that the charge to which the defendant pleaded guilty was not covered by the indictment.

I do not believe that we can properly rest our decision in this case upon the distinction between long-form and short-form indictments. If the *Englese* case is construed as allowing the post-conviction remedy of *coram nobis* in a case of this type, the new rule so established would be equally applicable to a long-form indictment and to a short-form indictment plus a bill of particulars. Both "procedural due process" and the

138

constitutional principles, governing indictments under the New York Constitution, laid .down in *People* v. *Bogdanoff* (254 N. Y. 16), require "that the defendant be advised by the indictment and the bill of particulars of each essential * * * element of the crime." (*People* v. *Berkowitz,* 14 Misc 2d 384, 391, affd. 7 A D 2d 1031.) On the other hand, if the *Englese* case does not overrule the cases holding that *coram nobis* will not lie, the application for the writ of error *coram nobis* should be denied, whether the indictment to which the defendant had pleaded guilty, was in the long form or in the short form. I think that the latter alternative is the correct one.

Therefore I concur in the decision of the court holding that the motion for a writ of error *coram nobis* should have been denied by Special Term.

WILLIAMS, P. J., BASTOW, GOLDMAN and HENRY, JJ., concur in *Per Curiam* opinion; HALPERN, J., concurs in a separate opinion.

Order entered January 18, 1963, unanimously reversed and motion denied. Application for order in the nature .of prohibition denied, without costs.