Van Voorhis, J.
Appellant contends that his indictment was insufficient in law. At first impression it does seem anomalous that a homicide indictment can be sufficient without mentioning the name of the victim. This indictment is set forth in full at page 4 of appellant’s brief, and simply charges “ Murder in the Second Degree ” in that “ Defendant on or about the 25th day of January, 1961, at Bay Shore, Town of Islip, Suffolk County, New York, committed the crime of Murder in the Second Degree, contrary to Penal Law, Section 1046.”
This indictment was drafted in the short-form method purporting to be authorized by sections 295-a through 295-1 of the Code of Criminal Procedure. The • short form of indictment was sustained in People v. Bogdanoff (254 N. Y. 16). Section 295-c of the Code of Criminal Procedure provides that in the short form of indictment 11 The statement of the crime shall contain the name of the crime, if it have one, such as treason, murder, arson, manslaughter, or the like, or if it be a misde *35 meanor, having no general name, such as libel, assault or the like, a brief description of it, as is given by statute. The statement of crime may also contain a reference to the statute defining the crime.” Section 295-g provides that the court shall, at the request of the defendant, direct the District Attorney to file a bill of particulars of the crime charged, and ensuing sections (295-h, 295-i, 295-1) cover what the bill of particulars is to contain, its form, and instances in which it is required. It was the intention of the Legislature that whatever details of the charge made were necessary should be supplied in this manner by bill of particulars, which would enable the defendant to prepare for trial, and, especially where a defendant pleads guilty, would render certain that the accused could not be convicted again of the same crime.
The problem arises, of course, that the charge of a particular defendant with a particular crime must be made by the Grand Jury under section 6 of article I of the State Constitution which provides that “No person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury”. The Grand Jury finds the indictment, not the District Attorney who prepares the bill of particulars. The situation with which we are now confronted, although not in a homicide case, was faced by Judge Nathan R. Sobel in People v. Berkowitz (14 Misc 2d 384, affd. 7 A D 2d 1031). He sustained a demurrer to the indictment in that case which charged the accused “ of the crime of Obscene Prints and Articles, Contrary to Penal Law Section 1141. ’ ’ The reason for sustaining the demurrer was that it would not be possible, in that instance, to supply a bill of particulars with the “ certainty that the crime described therein is the same crime for which the Grand Jury indicted.” Judge Sobel formulated the following distinction (p. 392): “Despite the stated purpose of its sponsors (the Baumes’ Commission, supra noted), the simplified form of indictment may not be used where the District Attorney is uncertain of the nature of the crime to be charged and the factual allegations to be included in the indictment. It may be used where indeed it is least necessary, i.e., where the evidence presented to the Grand Jury leaves no doubt of the crime charged and the facts upon which that charge is based. It is suitable in case of homicide, robbery and burglary and not by any means *36 in all such cases.” Similar reasoning was adopted by the Fourth Department in People v. Riforgiato (19 A D 2d 132).
In the case at bar, apparently no bill of particulars was demanded, nor are we apprised by the record what testimony was before the Grand Jury. The Bogdanoff (supra) and other decisions mean that unless a defendant demands a bill of particulars, in which event only is a bill of particulars required to be furnished unless the Trial Judge of his own motion so orders, it is to be assumed that the crime charged by the Grand Jury is the same as that disclosed by the People’s evidence at the trial. It was open to this defendant, on application by his counsel, to demand a bill of particulars and likewise to inspect the minutes of the Grand Jury insofar as it might have been necessary in order to determine whether the bill of particulars set forth the crime for which the Grand Jury indicted him. Since these applications were apparently not made, we are constrained to assume that the indictment by the Grand Jury was for the same crime disclosed by the evidence at the trial at which appellant was convicted. It may be noted that the information on which appellant was arrested and brought before the committing Magistrate charged him with murder in the second degree contrary to section 1046 of the Penal Law in that he “ did kill a human being, to wit, Leonora Johnson Langford”. If there had been any question about the nature of the charge, one may be sure that a bill of particulars would have been demanded and also, if necessary, an inspection had of the minutes of the Grand Jury.
We have considered the other points raised for appellant, and find no substance in them except that a hearing is required as in People v. Huntley (15 N Y 2d 72) on the voluntariness of the statement taken from defendant.
Chief Judge Desmond and Judges Dye, Fuld, Burke, Scileppi and Bergan concur.
Judgment modified to the extent of directing a hearing on the issue of the voluntariness of the' confession introduced as a part of the People’s case at the trial and, as so modified, affirmed. Case remitted to the County Court, Suffolk County, for such hearing (People v. Huntley, 15 N Y 2d 72).