David T. Gibbons, J.
On August 11, 1970, the Grand Jury of Nassau County indicted the defendant for the crime of *391 criminal mischief in the second degree as follows: “ The Grand Jury of the County of Nassau, by this indictment, accuse the defendant of the crime of Criminal Mischief in the Second Degree committed as follows: The defendant, antooto c. vieiba, jr., on or about the 20th day of July, 1970, in the County of Nassau, State of New York, with intent to damage property of another person and having no right to do so, nor any reasonable ground to believe that he had such right, intentionally damaged property of another person, to wit: the said defendant did strike a certain 1968 Chrysler automobile, bearing Registration Number NA 7973, New York, owned by Ben Kaplan, breaking the windows and windshield and causing puncture to hood and trunk lid of said vehicle.”
By demurrer filed on August 26, 1970, the defendant challenged the validity of this indictment on the grounds (1) that the indictment does not conform substantially with the requirements of section 275 et seq. of the Code of Criminal Procedure, and (2) that the facts therein alleged do not constitute a felony as charged, but merely a misdemeanor, there being no allegation as to the amount of damage.
The crime of criminal mischief in the second degree is defined under the revised Penal Law, section 145.05, as follows: ‘ ‘ A person is guilty of criminal mischief in the second degree when, with intent to damage property of another person, and having no right to do so nor any reasonable ground to-believe that he has such right, he damages property of another person in an amount exceeding two hundred fifty dollars.
‘ ‘ Criminal mischief in the second degree is a class E felony. ’ ’
The question presented here is whether the instant indictment for the felony of criminal mischief in the second degree, without alleging the value of the property damaged, is legally sufficient within the purpose and meaning of section 275 of the Code of Criminal Procedure.
In the crime of larceny, which is structured on different degrees depending on the value of the property stolen, it has long been held in People v. Higbie (66 Barb. 131, 138) that, “ A positive averment [of value] is only necessary, in those cases where value is an ingredient in the offense, as in grand and petit larceny”. (See, also, People v. Fortson, 7 A D 2d 139; People v. Lazarus, 12 N. Y. S. 2d 396.)
Under the revised Penal Law, the crime of criminal mischief (unlike its forerunner, the crime of malicious mischief, under article 134 of the former Penal Law), is like larceny, in that it *392 is structured in degrees. The value of the property damaged is a material ingredient which determines the difference between the first and second degree thereof.
Applying the same principle of said precedents to the newly created crime of criminal mischief under the revised Penal Law, since the value of the property damaged is an ingredient which determines the degree of the felony, an omission to allege such fact renders the instant indictment insufficient to charge the crime of criminal mischief in the second degree, a felony which can only prevail where damaged property of another person exceeds $250.
This being a so-called long-form indictment under section 276 of the Code of Criminal Procedure, the Assistant District Attorney’s suggestion that a bill of particulars would remedy the defect was held to be wholly without any legal basis, in People v. Corbalis (178 N. Y. 516, 522) in the following language: “ The learned judge who wrote the opinion of the Appellate Division appreciated the force of the argument of defendants that it is impossible under such an indictment for the accused to properly prepare for trial, bui he suggested that defendants could be relieved from this embarrassment by making a motion for a bill of particulars. The difficulty with that remedy is that whether a bill of particulars shall be granted or not rests in the discretion of the court. A motion may be made, it is true; but it need not be granted. Hence it is the duty of the courts to see to it that the right which the legislature has accorded to a citizen accused of crime to have the indictment state the acts constituting the crime so that he may prepare his defense, and be protected against further prosecution, be not frittered away by holding that the requirement of the statute will not be insisted upon, and that upon defendant will be placed the burden of ascertaining, if he can, by a motion for a bill of particulars, addressed to the discretion of the court, what particular act or acts the People claim make out the crime charged.”
Only the simplified form of indictment (Code Crim. Pro., §§ 295-b-295-l) may be supported by reference to a bill of particulars. (People v. Bogdanoff, 254 N. Y. 16; People v. Berkowitz, 14 Misc 2d 384.)
Accordingly, the defendant’s demurrer must be sustained and indictment number 29963 herein is hereby dismissed with leave to resubmit the case to the same or another Grand Jury pursuant to section 317 of the Code of Criminal Procedure.